## STEWART et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1926. Rehearing Denied June 7, 1926.)

No. 4496.

1. **Indictment and information** ☞159(2)—**Amendment of body of indictment by court invalidates count amended.**

A federal court is without power to amend an indictment presented by a grand jury, and the striking out of words as surplusage from the body of the indictment deprives the court of jurisdiction to try the accused on counts so amended though not affecting other counts.

2. **Criminal law** ☞1129(3).

General assignments of error, without specifying any particular ground of error, present no question for review.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Paul J. McCormick, Judge.

Criminal prosecution by the United States against Alexander B. Stewart, Frank Kubota, Jack Miller, and Oscar Lund. Judgment of conviction on certain counts, and defendants bring error. Reversed as to counts 2 and 3, and affirmed as to remaining counts.

G. M. Spicer, of Long Beach, Cal., and C. W. Pendleton, of Los Angeles, Cal. (Hugh F. Keon, Jr., and Edward A. O'Dea, both of San Francisco, Cal., of counsel), for plaintiff in error Stewart.

Chas. J. Wiseman, Hugh L. Smith, and James M. Hanley, all of San Francisco, Cal., for plaintiff in error Miller.

Mack Meader and Chas. Scholz, both of Los Angeles, Cal., for plaintiffs in error Miller and Lund.

Robert O'Connor, of Los Angeles, Cal., for plaintiff in error Kubota.

Samuel W. McNabb, U. S. Atty., and Mark L. Herron, Sp. Asst. U. S. Atty., both of Los Angeles, Cal.

Before HUNT, RUDKIN, and MORROW, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case contains four counts, and names numerous defendants. The first and fourth counts charge conspiracies to commit certain offenses against the United States. The second count charges that the defendants did knowingly, willfully, unlawfully and feloniously, and with intent to defraud the revenues of the United States, smuggle and clandestinely bring into the United States from the Dominion of Canada certain intoxicating liquors without having the same invoiced and without having paid the duty prescribed by law. The third count charges that the defendants did knowingly, willfully, unlawfully, and feloniously, and with intent to defraud the revenues of the United States, smuggle and clandestinely bring into the United States from the Dominion of Canada the same intoxicating liquors without having first obtained a permit from the Commissioner of Internal Revenue of the United States.

As to the defendant Stewart, the jury returned a verdict of guilty as to counts 2 and 3, and not guilty as to counts 1 and 4; as to the defendant Kubota, a verdict of guilty as to counts 1, 2, and 3, and not guilty as to count 4; as to the defendant Miller, a verdict of guilty as to all four counts, and, as to the defendant Lund, a verdict of guilty as to all four counts.

The defendants above named have sued out a writ of error to review the judgment of conviction, but no brief has been filed on behalf of either Kubota or Lund.

[1] At the commencement of the trial, by consent of counsel for all parties, the court struck from the body of counts 2 and 3 of the indictment, as surplusage, the words "feloniously and" in one place, and the words "and feloniously" in another. This action on the part of the court is now assigned as error. The assignment is well taken. In Ex parte Bain, 121 U. S. 1, 13, 7 S. Ct. 781, 787 (30 L. Ed. 849), the trial court struck six words from the indictment, as surplusage, and in discharging the petitioner on habeas corpus the Supreme Court said:

"It only remains to consider whether this change in the indictment deprived the court of the power of proceeding to try the petitioner and sentence him to the imprisonment provided for in the statute. We have no difficulty in holding that the indictment on which he was tried was no indictment of a grand jury. The decisions which we have already referred to, as well as sound principle, require us to hold that after the indictment was changed it was no longer the indictment of the grand jury who presented it. Any

other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney; for, if it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places, upon the power of the court, in regard to the prerequisite of an indictment, in reality no longer exists. It is of no avail, under such circumstances, to say that the court still has jurisdiction of the person and of the crime; for, though it has possession of the person, and would have jurisdiction of the crime, if it were properly presented by indictment, the jurisdiction of the offense is gone, and the court has no right to proceed any further in the progress of the case for want of an indictment. If there is nothing before the court which the prisoner, in the language of the Constitution, can be 'held to answer,' he is then entitled to be discharged so far as the offense originally presented to the court by the indictment is concerned. The power of the court to proceed to try the prisoner is as much arrested as if the indictment had been dismissed or a nolle prosequi had been entered. There was nothing before the court on which it could hear evidence or pronounce sentence."

In the course of the opinion there is some discussion of the question as to whether the grand jury would have returned the indictment with the stricken words omitted, but an examination of the entire opinion shows very clearly that the decision was based upon the broad ground that under English and American law no authority exists in a court to amend any part of the body of an indictment, without reassembling the grand jury, unless by virtue of statute.

In Dodge v. United States, 258 F. 300, 169 C. C. A. 316, 7 A. L. R. 1510, certain words were likewise stricken from the indictment as surplusage, and, in holding that such action on the part of the court avoided the indictment, the Circuit Court of Appeals for the Second Circuit said:

"At the close of the case counsel for the government moved to strike out as surplusage a portion of the first paragraph of the first count of the indictment and the word 'mutiny' from the first paragraph of the second count. Counsel for defendant at once said: 'No objection.' The court granted the motion. This is now assigned for error. That it was error of the most serious kind is not to be doubted.

The rule is almost universally recognized, both in this country and in England, that an indictment cannot be amended by the court, and that an attempt to do so is fatal to a verdict upon the count. The Supreme Court in Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849, declared that it was beyond question that in the English courts indictments could not be amended, and that no authority had been cited in the American courts which sustained the right of a court to amend any part of the body of an indictment without reassembling the grand jury, unless by virtue of a statute. In that case the trial court amended the indictment by striking out six words as being surplusage. The Supreme Court held that this deprived the court of power to try the prisoner. There was only one count in the indictment in that case. And the court said: 'The power of the court to proceed to try the prisoner is as much arrested as if the indictment had been dismissed or a nolle prosequi had been entered.' We therefore hold in the instant case that the amendment made in the first two counts deprived the court of power to proceed upon those counts; but this did not affect the right to try the defendant upon the third and fourth counts."

So here the amendment of the indictment avoided the second and third counts, but did not affect the convictions under the remaining counts unless some other error intervened.

[2] The brief filed on behalf of plaintiff in error Miller contains no assignment of errors, and the only assignments found in the transcript are the following: The court erred in making its rulings upon the receipt of evidence in the case, to which rulings the defendants at the time duly excepted. The verdict is contrary to the law. The verdict is contrary to the evidence. The verdict is contrary to the law and the evidence. The court erred in overruling the motion for a new trial, to which ruling the defendants at the time duly excepted. It is needless to say that such assignments present no question for review in this court, except the assignment as to the ruling on the motion for a new trial, and that motion was addressed to the discretion of the trial court. We have, however, looked into the record far enough to see that there has been no miscarriage of justice, and beyond that we are not at liberty to go.

The judgment is reversed as to counts 2 and 3, and affirmed as to the remaining counts, as to all four plaintiffs in error.

MORROW, Circuit Judge, took no part in this decision.