BARNARD et al. v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4723.

1. Post office ⬅️⮕35—Essence of offense of "using mails to defraud" is making of false promises or representations (Penal Code, § 215 [Comp. St. § 10385]).

The essence of the crime of "using the mails in execution of a scheme to defraud," under Penal Code, § 215 (Comp. St. § 10385), consists in the making of false promises or representations, which defendants did not intend to make good.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Defraud.]

2. Criminal law ⬅️⮕970(7)—Indictment and information ⬅️⮕202(5)—Objection that indictment is vague or duplicitous cannot be raised by motion to dismiss or in arrest.

Objection that indictment is vague and duplicitous cannot be raised by motion to dismiss on trial or by motion in arrest of judgment after verdict.

3. Indictment and information ⬅️⮕121(3)—Motion for bill of particulars on day of trial, year after plea, held not timely made.

Motion for bill of particulars, made on day of trial, more than a year after arraignment and plea, held properly overruled.

4. Indictment and information ⬅️⮕99—Dismissal of count does not necessarily vitiate later counts making references to it.

Counts of an indictment are not vitiated because a previous count, to which reference is made for particulars, is defective or rejected, if

*Rehearing denied January 31, 1927.

the reference is sufficiently full to incorporate the matter in the later counts.

**5. Criminal law ⬅673(4)—Admission of evidence competent against one of several defendants not error, where properly limited by the court.**

On trial of several defendants together, admission of evidence competent against one, but not against others, is not error, where it is properly limited by the court, either at the time or in its general charge.

**6. Post office ⬅49—Evidence held to sustain conviction for using mails to defraud (Penal Code, § 215 [Comp. St. § 10385]).**

Evidence *held* sufficient to connect defendants with a scheme to defraud, under Penal Code, § 215 (Comp. St. § 10385), clearly proved, and .to show use of the mails in its execution.

**7. Post office ⬅35—Mailing letters in aid of fraudulent scheme by agents or clerks is causing them to be mailed (Penal Code, § 215 [Comp. St. § 10385]).**

Letters were caused to be mailed by defendants, within the meaning of Penal Code, § 215 (Comp. St. § 10385), where placed in the mails by their agents or clerks.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

Criminal prosecution by the United States against William L. Barnard and others. Judgment of conviction, and defendants bring error. Affirmed.

William Ellis Lady, J. A. Anderson, and W. H. Anderson, all of Los Angeles, Cal., for plaintiff in error Barnard.

James V. Brewer, of Los Angeles, Cal., for plaintiffs in error Dunn and Tune.

John W. Preston and Annette Abbott Adams, both of San Francisco, Cal., for plaintiff in error Dennison.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under section 215 of the federal Penal Code (Comp. St. § 10385). The indictment charged that the plaintiffs in error had devised and intended to devise a scheme and artifice to defraud certain named persons and a large number of others, including the public generally, whose names, because of their great number and for want of information on the part of the grand jurors, were not given, and to obtain money and property by false and fraudulent pretenses, representations, and promises. It was then charged that it was a part of said scheme and artifice that certain or all of the plaintiffs in error should do certain things; or should make certain false and fraudulent representations, or that certain things should be done. The scheme and artifice to defraud was set forth in the first count of the indictment, and was made a part of the remaining eight counts by reference only. Each count charged the mailing of a letter for the purpose of executing the scheme and artifice in the usual form.

The indictment was returned on March 21, 1924; the plaintiffs in error were arraigned on April 21, 1924; the plaintiff in error Tune pleaded not guilty on April 25, 1924; the plaintiffs in error Barnard and Dunn entered like pleas on May 5, 1924; and the plaintiff in error Dennison on June 2, 1924. The cause was set for trial on September 22, 1925. At or before the commencement of the trial, but on the date set for the trial, Dunn and Tune made separate demands for a bill of particulars. The demand of the former asked for specific information in 70 different respects, and the demand of the latter in 68 different respects. These demands were denied. A motion to dismiss, interposed at the commencement of the trial, was likewise denied, as was a motion in arrest of judgment, interposed after verdict. Upon the trial, some of the plaintiffs in error contend that the letter set forth in the first count of the indictment was stricken therefrom, while others contend that the first count was dismissed.

Aside from the voluminous demands for bills of particulars, separate briefs have been filed by three of the plaintiffs in error, aggregating more than 500 pages and assigning upwards of 180 errors. Many of these assignments are, of course, based upon the same ruling, but the difficulty and impracticability of considering each assignment separately becomes at once apparent. We will therefore consider such assignments only as appear to have some show of merit.

[1] One of the plaintiffs in error challenges the sufficiency of the indictment because of the use of the word "should" in describing the scheme and artifice to defraud, claiming that the indictment contains no averment that the plaintiffs in error did any of the things which it is averred they should do. But in this class of cases the fraud usually consists in the making of false promises, which the parties never carried out and never intended to carry out. In fact, in most cases, if the parties actually did what they falsely promised to do, or represented that they would do, no crime would or could result. The very essence of the crime

consists in the making of false promises which the parties never intended to perform, or false representations which they never intended to make good; and, while the language of the indictment in this case may be inapt and open to criticism, we think it sufficiently appears therefrom that the plaintiffs in error conspired or agreed together to falsely represent that they would do certain things, which they never did and never intended to do, and that by means of these false representations, pretenses, and promises they obtained money and property. Such conduct on their part constituted a scheme and artifice to defraud, within the meaning of the statute. United States v. King (D. C.) 229 F. 275; Miller v. United States (C. C. A.) 4 F.(2d) 228.

[2, 3] Again, it is contended that the indictment is vague and duplicitous, and that the court erred in denying the demands for bills of particulars. The first objection cannot be raised, either by motion to dismiss upon the trial, or by motion in arrest of judgment after verdict. Pooler v. United States (C. C. A.) 127 F. 509, 515; Wilson v. United States (C. C. A.) 275 F. 307; 31 C. J. 38. The demands for bills of particulars were not made until the day of the trial, more than a year after arraignment and pleas, and were properly denied, because not timely made, if for no other reason. 31 C. J. 753.

[4] As already stated, some of the plaintiffs in error contend that the letter set forth in the first count of the indictment was stricken therefrom, while others contend that the first count was dismissed, and all contend that the action of the court in reference to that count avoided the remaining counts, because the scheme and artifice to defraud was set forth in the first count only. The record contains many contradictions as to the rulings of the court in relation to this matter. Statements made by the court from time to time during the progress of the trial undoubtedly give color to the several contentions made; but, whatever view we accept, the body of the indictment was not changed, as was the case in Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849, and Stewart v. United States (C. C. A.) 12 F.(2d) 524.

No order of dismissal as to the first count is found in the record, and we think that the utmost that can be claimed is that that count was withdrawn from the consideration of the jury, although the general verdict applied to that as well as to the remaining counts. But, whatever may have happened to this count during the trial, it in no wise affected the remaining counts, for, as said by the Supreme Court in Crain v. United States, 162 U. S.

625, 633, 16 S. Ct. 952, 954 (40 L. Ed. 1097): "One count may refer to matter in a previous count so as to avoid unnecessary repetition; and if the previous count be defective or is rejected, that circumstance will not vitiate the remaining counts, if the reference be sufficiently full to incorporate the matter going before with that in the count in which the reference is made."

[5] Error is assigned in the admission of testimony, over objection and exception, in numerous instances. Speaking generally, the objections were based upon the ground that the testimony related to conversations or transactions had with a defendant or defendants other than the objecting party. In every such instance the testimony was at least competent as against the party to the conversation or transaction, and the utmost the court could do or was required to do under the circumstances was to properly limit the consideration of the testimony, either at the time of its admission or in the general charge to the jury. The latter course was pursued, and there was no exception to the charge in that respect. There is also some contention that some of the exhibits received in evidence were not sufficiently identified, but we find no merit in these assignments.

[6] Lastly, it is contended that the testimony was insufficient to warrant the submission of the case to the jury, and more especially to warrant the submission of certain counts. There seems to be no serious contention that the testimony was not ample to establish the scheme and artifice to defraud, the principal contention being that the testimony was not sufficient to connect the individual plaintiffs in error therewith. The record teems with evidence tending to show that, in the sale of units and stock, wholesale misrepresentations were made as to facts and conditions, and the jury were amply warranted in finding that these misrepresentations were made as a part of a general plan or system adopted by the plaintiffs in error, and that such plan or system constituted a scheme and artifice to defraud within' the meaning of the statute. There was also ample testimony tending to connect each and every of the plaintiffs in error with this scheme and artifice.

[7] The contention that the testimony was insufficient as to certain counts is based upon the alleged insufficiency of the testimony to prove the use of the mail to execute the scheme. But the evidence was ample to show that the letters in question passed through the mail, and that they were placed in the mail by the agents or clerks of some of the plaintiffs in error. The plaintiffs in error, therefore,

caused the letters to be placed in the post office to be sent or delivered, within the meaning of the mail fraud statute. United States v. Kenofskey, 243 U. S. 440, 37 S. Ct. 438, 61 L. Ed. 836.

Without referring further to the assignments of error, we will add in conclusion that a careful inspection of the entire record satisfies us that no prejudicial error was committed by the court below during the progress of the trial, and that the evidence was ample to sustain the convictions.

The judgment is therefore affirmed.

