**HEALD v. UNITED STATES (two cases).**
Nos. 3872, 3873.

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1949.

---

Isaac Mellman, Denver, Colo., for appellants.

Henry E. Lutz, Denver, Colo. (Max M. Bulkeley, Denver, Colo., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Appellants, father and son, were indicted, tried and convicted in the United States District Court of Colorado, for violation of the False Claim Statute, 18 U.S.C.A. § 1001, formerly 18 U.S.C.A. § 80, and aiding and abetting in the commission of the offense. 18 U.S.C.A. § 550.

In separate counts the indictment charges that the defendants "did knowingly and

wilfully make and cause to be made to the Silver State Savings and Loan Association of Denver, Colorado, a United States supervised lending agency and to the Veterans Administration * * * a department and agency of the United States, false and fraudulent representations in a matter within the jurisdiction of the said Veterans Administration, as follows, to-wit: * * ". The indictment then sets forth specific allegations to the effect that the Veterans Administration had approved and fixed the sales price of certain real property in Denver at $10,600; that the defendants, under the name of Heald Investment Company entered into a contract of sale with John C. Hess, a veteran, to sell the same property at $11,500; that false and fraudulent representations were made and caused to be made by each of the defendants with the intent and for the purpose of causing the United States through its Veterans Administration, acting under authority of the Servicemen's Readjustment Act, 38 U.S.C.A. §§ 694 and 694a, to guarantee a loan which was being made to the veteran Hess by the Silver State Savings and Loan Association, and that such guarantee would not have been made by the Veterans Administration had it known the true sales price at which the property was sold. Each count also separately charges the defendants with the additional offense of aiding and abetting in the making of the alleged false and fraudulent representations.

As we understand or interpret the first contention of the appellants, it is to the effect that the indictment is insufficient to inform either of them whether he is charged with the offense of making false and fraudulent representations to the Silver State Savings and Loan Association or to the Veterans Administration, or whether the charge against each of them is the making of the misrepresentations to either one of the agencies or aiding and abetting in the making of them. It is said that since the indictment charges each of the appellants with both making and aiding and abetting in the making of the false and fraudulent representations to both the Silver State Savings and Loan Association and the Veterans Administration, they are not fully apprised of the nature of the charges against them so as to prepare their defense or be protected against double jeopardy. The short answer is that each count purports to charge two separate and distinct offenses against each appellant, the proof of one of which also proves the other. This is so, because under 18 U.S.C.A. § 550, an aider and abetter is a principal quite as much as one who directly commits the act constituting an offense defined in any law of the United States. See Von Patzoll v. United States, 10 Cir., 163 F.2d 216. After charging the offense of making false and fraudulent representations substantially in the language of the Statute, 18 U.S.C.A. § 1001, the indictment then descends to particularize the facts constituting the offense. The allegations leave no room for doubt or conjecture concerning the nature of the offense charged, or the part each of the appellants played in it.

Before trial the court granted the Government's motion to strike the aiding and abetting allegations from each count in the indictment, thus leaving E. Clifford Heald charged in count one with having directly made false and fraudulent representations in a matter within the jurisdiction of the Veterans Administration on June 26, 1947, and Bradley Heald separately charged in count two with making false and fraudulent representations in a matter within the jurisdiction of the Veterans Administration on June 27th, 1947. In this posture of the case appellants moved to dismiss the indictment for misjoinder of defendants and offenses, and in the alternative for a severance and separate trials under Rule 14 of the Criminal Rules of Procedure, 18 U.S.C.A.

Both motions were overruled, and when the cases came on for trial appellants moved for dismissal on the grounds that the indictment then before the court, with the stricken allegations was not the one returned by the Grand Jury and that they were therefore not constitutionally charged with an offense, relying upon Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849; United States v. Dembowski, D.C., 252 F. 894; Dodge v. United States, 2 Cir., 258 F. 300, 7 A.L.R. 1510; De Luca v. United States,

2 Cir., 299 F. 941; United States v. Fawcett, 3 Cir., 115 F.2d 764, 132 A.L.R. 404. Before the court ruled upon the latter motion, the Government asked the court to rescind its order striking the allegations of aiding and abetting as to each of the appellants and thus restore the indictment to its original form and content. The court granted the motion and the cases went to trial over the objections of the appellants to the effect that the indictment having been once voided the court could not thereafter breathe new life into it by restoring the stricken language. This question is preserved on appeal.

 The 5th Amendment stands as a bar to any person being prosecuted for an infamous crime "unless on a presentment or indictment of a Grand Jury". Construing this constitutional safeguard the courts have repeatedly said that any material change invalidates the indictment and deprives the court of the power to try an accused upon it. Ex parte Bain, supra; United States v. Dembowski, supra; Dodge v. United States, supra; De Luca v. United States, supra; United States v. Fawcett, supra; Carney v. United States, 9 Cir., 163 F.2d 784. But, these appellants were never held to answer to the changed indictment. Before they were put in jeopardy the stricken language was restored and they went to trial, were convicted and sentenced on the indictment as returned by the Grand Jury. Undoubtedly, the court was without jurisdiction to try the appellants upon the changed indictment, but that does not mean that it was without jurisdiction to restore the indictment to its original form and content before the appellants were put in jeopardy upon it. No constitutional rights of the appellants were infringed and they cannot therefore complain of the court's restoration of the stricken allegations. Cf. Stewart v. United States, 9 Cir., 12 F.2d 524.

One week before trial new counsel entered appearance for the appellants and at that time the court was advised that they would be ready for trial. On the date of trial appellants filed a motion for a continuance on the grounds that the order of the court restoring the aiding and abetting allegations to the indictment had so changed the "whole procedure or trial" that counsel was unprepared to go to trial. The motion was denied and appellants contend that being forced to trial on the aiding and abetting charge without time for the preparation of their defense was so highly prejudicial as to amount to a denial of due process. Since the proof of both offenses is substantially the same the court could not have abused its discretion in the denial of a continuance.

The sufficiency of the evidence is also raised on appeal. We held in Heald v. United States, 10 Cir., 175 F.2d 878, that the same evidence was sufficient to sustain a conviction on a conspiracy charge to violate the False Claim Statute and the Servicemen's Readjustment Act. Without detailing the evidence again, it is enough to say that it is also sufficient when considered on this record to sustain the convictions on the substantive offenses charged in this indictment.

The judgment is affirmed.