## UNITED STATES v. STERLING.
### Cr. No. 16999.

United States District Court
E. D. Pennsylvania.

June 2, 1954.

W. Wilson White, U. S. Atty., G. Clinton Fogwell, Jr., Asst. U. S. Atty., D. Donald Jamieson, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

James J. Regan, Jr., Samuel Glantz, Louis F. McCabe, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Defendant was indicted on November 28, 1952, was arraigned and entered a plea of "Not Guilty" on May 18, 1953, and not until April 22, 1954, was a Motion for Bill of Particulars filed by additional counsel who entered his appearance of record on April 22, 1954.

Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides:

"(f) Bill of Particulars. The court for cause may direct the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order. A bill of particulars may be amended at any time subject to such conditions as justice requires."

A defendant cannot wait this long period of time and then, when the case approaches trial, develop a mental state of uncertainty as to the charges against him, and merely by the expedient of employing additional counsel, justify a dis-

regard of Rule 7(f). This Rule is not a radical departure from the prior law but substantially a restatement thereof.[1] Assuming that circumstances might be shown that would justify an exception to the Rule, the motion in the present case does not reveal such a situation.

The Motion for Bill of Particulars will be denied.

1. Note to Rule 7(f) by Advisory Committee on Rules; see also Barnard v. United States, 9 Cir., 16 F.2d 451, certiorari denied 274 U.S. 736, 47 S.Ct. 575, 71 L.Ed. 1316.