**UNITED STATES of America,**
**Appellee,**

v.

**Salvatore CIRAMI and James**
**Cirami, Appellants.**

**No. 1179, Docket 74–1492.**

United States Court of Appeals,
Second Circuit.

Argued July 16, 1974.

Decided Jan. 24, 1975.

Certiorari Denied May 12, 1975.

See 95 S.Ct. 1952.

70

Robert E. Scher, New York City (Raphael, Searles, Vischi, Scher, Glover & D'Elia, New York City, on the brief), for appellants.

Richard B. Buhrman, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown, Crombie J. D. Garrett, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., and Edward J. Boyd, U. S. Atty. for the Eastern District of New York, on the brief), for appellee.

Before MULLIGAN and WINTER,* Circuit Judges, and NEWMAN,** District Judge.

* Of the United States Court of Appeals, Fourth Circuit, sitting by designation.

** Of the United States District Court, District of Connecticut, sitting by designation.

NEWMAN, District Judge:

Salvatore and James Cirami appeal from multi-count convictions for revenue law violations. The appellants are principal officers of Air Package Distribution Service Ltd. (hereinafter "the corporation"), a trucking company that provides pickup and delivery service to airlines. The corporation sought to classify its truck drivers as independent contractors, rather than employees, thereby attempting to evade its obligation for paying taxes imposed by the Federal Insurance Contributions Act (social security) and the Federal Unemployment Tax Act.

A nineteen-count indictment charged the Ciramis with three sets of violations. Counts 1 through 14 alleged that they attempted to evade social security taxes due for fourteen calendar quarters in 1967 through 1970 by filing false and fraudulent employer's quarterly tax returns understating the amount of taxable wages paid, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. Counts 15 through 17 alleged similar violations with respect to attempted evasion of federal employment taxes for the years 1967, 1968, and 1969. Counts 18 and 19 alleged that the appellants, in violation of 26 U.S.C. § 7206(2), aided and assisted in the preparation of false United States Information Returns (form 1099) for the years 1968 and 1969, which stated that the recipients of payments from the corporation were independent contractors rather than employees. After a trial before Judge Mark A. Costantino and a jury, appellants were convicted on eighteen of the nineteen counts, Count 16 having been dismissed. Appellants were sentenced to pay fines on each of the eighteen counts resulting in conviction, and were also placed on probation.

Appellants' attack upon the sufficiency of the evidence is without merit, and no useful purpose would be served by detailing the circumstances from which the jury was abundantly justified in concluding, under unchallenged and proper instructions, that the truck drivers were regular employees of the corporation and that both appellants wilfully participated in the attempt to evade corporate taxes by filing false returns that concealed the employee status of the drivers.

The principal issue on appeal arises because of a mistake made by the Government in drafting for the Grand Jury's consideration the first seventeen counts of the indictment. Count 1, set out in full in the margin,[1] was drafted in an effort to follow the standard form for alleging attempted evasion of corporate taxes by responsible corporate officials. The manner of attempted evasion was alleged to be the filing by the appellants of false employer's quarterly returns. The falsity was alleged by comparing the wages reported to have been paid some employees and the taxes due thereon with the higher amount of wages actually paid to all employees and the corresponding higher amount of taxes due thereon. The mistake occurred when it was alleged that the higher amount of

1. That during the period from January 1, 1967 to July 31, 1971, inclusive in the Eastern District of New York, the defendants Salvatore Cirami and James Cirami who were the President and Treasurer and Vice President and Secretary respectively of Air Package Distribution Service Ltd., a corporation, with its principal place of business in Queens County, New York, did wilfully attempt to evade and defeat a large part of the federal income taxes withheld from wages and Federal Insurance Contributions Act taxes due and owing to the United States of America for the quarter ending March 31, 1967, by preparing and causing to be prepared and thereafter filing and causing to be filed with the Internal Revenue Service Center, Andover, Massachusetts, a false and fraudulent employer's quarterly

tax return, wherein it was stated that the total taxable wages paid employees for the said quarter was the sum of $13,320.82 and that the total amount of tax withheld and Federal Insurance Contributions Act taxes due thereon was the sum of $1,172.23, whereas, as the defendants then and there well knew, the total taxable wages paid employees for said quarter was the sum of $39,401.82 upon which wages the defendants owed to the United States of America federal income taxes withheld from wages and Federal Insurance Contributions Act taxes due in the total amount of $3,467.36.

In violation of Section 7201, Internal Revenue Code; 26 United States Code, Section 7201; 18 United States Code, Section 2.

taxes was owed by the appellants, rather than by the corporation. After alleging the correct amount of wages to be $39,-401.82, Count 1 continued: "upon which wages the defendants owed to the United States of America federal income taxes withheld from wages and Federal Insurance Contributions Act taxes due in the total amount of $3,467.36." , The deletion of the quoted words, and of corresponding language from Counts 2 through 17, upon motion by the Government after it had rested, is challenged by appellants as a denial of their Fifth Amendment right to trial upon an indictment of a grand jury.

■ Ever since the Supreme Court announced in Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), that an indictment cannot be amended except by resubmission to a grand jury, the law has been in a "confused state," United States v. Edwards, 465 F.2d 943, 950 (9th Cir. 1972), as to whether any alteration is permissible and if so, how any appropriate changes may properly be made. While a "no amendment" rule has been stated, e. g., Dodge v. United States, 258 F. 300 (2d Cir.), cert. denied, 250 U.S. 660, 40 S.Ct. 10, 63 L.Ed. 1194 (1919), changes of various sorts have in fact been approved, e. g., United States v. Colasurdo, 453 F.2d 585 (2d Cir. 1971), cert. denied, 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116 (1972). See cases collected in Heisler v. United States, 394 F.2d 692, 695–696, nn. 2–6 (9th Cir.), cert. denied, 393 U.S. 986, 89 S.Ct. 463, 21 L.Ed.2d 448 (1968). The Supreme Court has stated that a "useless averment" of an indictment may be ignored, Ford v. United States, 273 U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793 (1927), and courts have regularly permitted juries to disregard as surplusage language in an indictment not essential to the allegations of the offense charged. See, e. g., United States v. Archer, 455 F.2d 193 (10th Cir.), cert. denied, 409 U.S. 856, 93 S.Ct. 135, 34 L.Ed.2d 100 (1972); United States v. Colasurdo, *supra*.

■ Despite this modern line of cases, uncertainty has persisted as to the propriety of withdrawing indictment language from a trial jury's consideration because *Bain*, which "has never been disapproved," Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), itself involved the withdrawal from the jury's consideration of language not essential to the offense charged. Bain, an officer of a banking association, was charged with making a false report with intent to deceive the Comptroller of the Currency and the agent appointed to examine the affairs of the association. The trial court eliminated the reference to the Comptroller of the Currency. The Supreme Court reversed even though the balance of the indictment adequately stated an offense. The Court was concerned that the grand jury might have indicted only because the Comptroller of the Currency had been deceived. 121 U.S. at 10, 7 S.Ct. 781, 30 L.Ed. 849. Implicit in this holding is the view that the Fifth Amendment protects a defendant from being tried on minimally sufficient allegations of an offense unless a grand jury has made the prior determination that it considers those allegations sufficient to warrant the exercise of its prosecuting discretion. See Gaither v. United States, 134 U.S.App.D.C. 154, 413 F.2d 1061 (1969).

This Court has viewed *Bain* as holding that some deletions of unnecessary language may work an impermissible "fundamental change" in the charge set forth in an indictment, even though a legally sufficient allegation remains. See United States v. Colasurdo, *supra*, 453 F.2d at 590. That type of change, involving the disregard of ⸱language that might well have had a significant bearing on the grand jury's decision to indict, may still violate the *Bain* rule. Even this interpretation of *Bain* may have been eroded by the Supreme Court's opinion in Stirone v. United States, *supra*, which interpreted *Bain* as standing for "the rule that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." 361 U.S. at 217, 80 S.Ct. at 273. This view appears to express concern only

with the addition of charging language, rather than its deletion.

The disregarded portions of the indictment in this case were plainly surplusage. The manner of an attempted evasion of income taxes has been deemed not essential to a valid indictment. Hayes v. United States, 407 F.2d 189 (5th Cir.), cert. dismissed, 395 U.S. 972, 89 S.Ct. 2133, 23 L.Ed.2d 777 (1969); Heasley v. United States, 218 F.2d 86 (8th Cir.), cert. denied, 350 U.S. 882, 76 S.Ct. 134, 100 L.Ed. 778 (1955). Here, the manner of attempted evasion—filing false returns—was adequately stated even after the deletion, the omitted words concerning only the correct amount of taxes due. Nor do we think there is any substantial likelihood that the grand jury would have failed to indict the appellants for their actions in wilfully filing false returns even if the grand jurors had understood that the taxes were due from the corporation and not from the appellants.

Appellants further contend that the deletions that occurred here caused them prejudice because of the manner in which they chose to defend. At trial the I.R.S. special agent acknowledged, on cross-examination, that no notice had been given the corporation of its obligation to pay social security taxes for its employees, nor had any assessment been made of taxes due. Of course, no notice or assessment was necessary prior to a prosecution for attempted evasion. Ford v. United States, 233 F.2d 56 (5th Cir.), cert. denied, 352 U.S. 833, 77 S.Ct. 49, 1 L.Ed.2d 53 (1956). In any event neither the cross-examination of the special agent, nor any other evidence developed at the trial, sought to place the obligation to pay taxes upon the appellants or to shift it to the corporation, where it belonged. The jury's attention was simply never directed to the question of who was liable for payment of taxes, an issue of no relevance in this attempted evasion case. This case is thus totally unlike United States v. Wolfson, 437 F.2d 862 (2d Cir. 1970), where substantial evidence was submitted to the jury in support of allegations subsequently withdrawn from the jury's consideration. The deletion here caused no prejudice.[2]

One further aspect of the alteration of the indictment warrants additional comment, the manner of accomplishing the deletion. The Ninth Circuit has pointed out the anomaly of permitting trial judges to instruct juries to disregard certain portions of an indictment, yet prohibiting a physical correction of the indictment papers to reflect the deletion. Heisler v. United States, supra. Yet convictions have been overturned where language, conceded to be surplusage, had been crossed out on the face of the in-

2. Appellants allege one particular respect in which they were prejudiced by the deletion, or, more precisely, by the prosecutor's failure to respect the deletion. The summation includes the following:

"Evidence in this case, I submit, points very strongly to that Mr. Cirami was a man of expediency. In this case, he saved approximately $34,000 by this scheme.

Mr. Hollman: I object to that.

Mr. Myerson: That is the amount in the indictment.

The Court: No, sustained.

Mr. Myerson: I submit, ladies and gentlemen, if you find Mr. Cirami did that, it will add up to the approximate figure of $34,000.

Mr. Hollman: I object to that.

The Court: Sustained.

Mr. Myerson: You can add it up, ladies and gentlemen."

Plainly, it was improper for the prosecutor to argue to the jury the total amount of taxes saved, when there was no evidence to support these figures, and when the allegations of the indictment, upon which he sought to rely, had been stricken from the indictment at his request. It is also inexcusable for him to have persisted in this improper argument after objection to it had twice been sustained.

Under all the circumstances, however, no prejudice resulted. The prosecutor was referring to Salvatore Cirami, president of the corporation, who had acknowledged that the corporation was "his own company." It was proper to argue, as bearing on motive, that the principal officer of his own corporation stood to gain money by attempting to evade corporate taxes. The improper reference to the amount of taxes does not warrant reversal.

dictment. See, *e. g.*, Stewart v. United States, 12 F.2d 524 (9th Cir. 1926).[3]

In United States v. Wolfson, *supra*, this Court considered deletion of indictment language accomplished by covering the words to be omitted with opaque paper on which was written, "This portion of indictment stricken as a matter of law; it is not to be considered by the jury." 437 F.2d at 868. The decision did not question this physical alteration of the indictment, though convictions were reversed because of the prejudicial effect of the evidence admitted in support of the deleted allegations.

■ In the instant case, we are neither asked to decide, nor do we express, any view as to whether the jury is to inspect an indictment in any or all criminal prosecutions. But, if a jury is permitted to see the indictment, and if any language of that indictment is surplusage or other matter that a jury may properly be instructed to disregard, we think the preferable course is to prepare a retyped "clean" version of the indictment, omitting the language to be disregarded without any indication of its omission. If the language is not to be considered by the jury, it is surely better to remove it from their scrutiny, rather than rely on instructions. Crossing out or covering the deleted words only serves to arouse the jury's curiosity and stimulate unwarranted speculation as to the full scope of the original allegations. Of course, in situations where the original indictment has been read to the jury or where a deletion leaves the remaining language awkward or unclear, a trial judge may, especially if the defendant prefers, permit the jury to see the original indictment and deal with the deletion in the court's instructions.

In this case, the deletion was accomplished by placing brackets on the face of the indictment around the words to be deleted. However, it appears that the indictment, thus marked, was never submitted to the jury. Apparently, it is not the routine practice in the Eastern District of New York to submit indictments to the trial jury, and the jury in this case made no request to see the indictment. In his charge, Judge Costantino simply read to the jury Counts 1, 15, and 17, which were illustrative of the three sets of offenses charged, and in doing so, omitted the language that he had ordered stricken. Thus, the jury received an entirely adequate statement of the offenses alleged, and their attention was never directed to the fact that the improper allegation concerning taxes owed by the appellants had been originally included in the indictment and thereafter deleted. Since the jury never saw the indictment, the absence of a clean, retyped indictment is of no consequence.

The judgments of conviction are affirmed.

---

**3.** The manner of altering the face of the indictment in *Stewart* is explained in Stewart v. District Court, 16 F.2d 863 (9th Cir. 1926),