791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KEVIN E. KRZYSKE, Plaintiff-Appellant
v.
CHARLES A. PARKS; CHARLES S. STROAD; AND DONALD REGAN,
Defendants-Appellees.
 84-1744
 United States Court of Appeals, Sixth Circuit.
 4/14/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; WEICK, Senior Circuit Judge.
 
 
 1
 Krzyske appeals pro se from the district court's judgment dismissing his tax case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Krzyske's complaint alleges that the defendants referred his tax matters for criminal prosecution without having performed their duties under 26 U.S.C. Secs. 6020(b) and 6201. Krzyske requested a writ of mandamus ordering the defendants to perform these duties and rescinding the criminal referral. The district court addressed Krzyske's arguments under Sec. 6020(b) and found them to be without merit.
 
 
 3
 In his brief, Krzyske has abandoned his argument under Sec. 6020(b). He argues under Sec. 6201 that the defendants must file an assessment concerning his taxes before they can refer his case for criminal prosecution. While it is true that the defendants cannot file a civil action to collect taxes before assessment procedures have been followed, there is no requirement for assessment of the taxes before a criminal prosecution takes place. United States v. Cirami, 510 F.2d 69, 73 (2nd Cir.) cert. denied, 421 U.S. 964 (1975); Funkhouser v. United States, 260 F.2d 86, 87 (4th Cir. 1958), cert. denied, 358 U.S. 940 (1959). So Krzyske is not entitled to a writ regarding the criminal referral.
 
 
 4
 Moreover, mandamus is a drastic remedy to be used only in exceptional circumstances. Kerr v. United States District Court, 426 U.S. 394, 402 (1976). Krzyske has not shown any circumstances that would entitle him to an order from this Court requiring the defendants to assess taxes against him.
 
 
 5
 Also in his brief, Krzyske argues that it was improper for the district court to decide his case without conducting an oral hearing. Where a party sets forth his arguments in writing, an oral hearing is not required, either in the district court, Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424, 431 (5th Cir. 1981), and Spark v. Catholic University of America, 510 F.2d 1277, 1280 (D.C. Cir. 1975) or on appeal. United States v. Marines, 535 F.2d 552, 556 (10th Cir. 1976). So this argument is also without merit.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.