### SAITO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 30, 1905.)

#### No. 1,173.

CRIMINAL LAW—REVIEW ON WRIT OF ERROR—REFUSAL OF INSTRUCTIONS.

The refusal of requested instructions in a criminal case cannot be reviewed by an appellate court, where the record does not contain the charge given by the court; the presumption being that such charge covered the requests in so far as they correctly stated the law.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, §§ 2940, 2943.]

In Error to the District Court of the United States for the Northern Division of the District of Washington.

W. A. Keene, for plaintiff in error.

Jesse A. Frye, U. S. Atty., and Edward E. Cushman, Sp. Asst. Atty. Gen., for the United States.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was convicted under an indictment charging in effect that on September 25, 1904, he held a woman, named Haru Takahashi, for the purpose of prostitution, in pursuance of her illegal importation for that purpose by one Kanoto, in violation of that provision of Act Cong. March 3, 1903, c. 1012, 32 Stat. 1213 [U. S. Comp. St. Supp. 1905, p. 274], entitled "An act to regulate the immigration of aliens into the United States," which is as follows:

"Sec. 3. That the importation into the United States of any woman or girl for the purposes of prostitution is hereby forbidden; and whoever shall import or attempt to import any woman or girl into the United States for the purposes of prostitution, or shall hold or attempt to hold, any woman or girl for such purposes in pursuance of such illegal importation shall be deemed guilty of a felony, and, on conviction thereof, shall be imprisoned not less than one nor more than five years and pay a fine not exceeding five thousand dollars." 32 Stat. 1214 [U. S. Comp. St. Supp. 1905, p. 276].

It is insisted on behalf of the plaintiff in error that the evidence in the case was insufficient to justify the verdict, and that the court below erred in denying the motion made by the defendant that the jury be instructed to render a verdict of not guilty. An attentive reading of the testimony and consideration of the circumstances of the case satisfy us that the court did not err in denying the motion, and that the evidence is sufficient to support the verdict of guilty. The testimony, as well as the circumstances attending the bringing of the woman Takahashi from Yokohama to this country by Kanoto, clearly showed that she was imported by him for the purposes of prostitution, and that the defendant held her in Seattle for those purposes; and the testimony and attending circumstances sufficiently showed that he did so in pursuance of her illegal importation for those purposes.

By the immigration laws of the United States provision is made for the establishment of a board of special inquiry (Act March 3, 1893, c. 206, § 5, 27 Stat. 570 [U. S. Comp. St. 1901, p. 1302]) in order the more effectually to enforce them, and of such board the witness Gaffney was a member. He testified, among other things, that the woman in question had been brought before the board of inquiry and by it ordered deported on the ground that she had been surreptitiously imported into this country for purposes of prostitution, and that when he, with other immigration officers, went to the defendant's house, where the woman was kept, a woman with whom the defendant there lived as his wife interfered with the action of the officers, in the endeavor to retain Haru Takahashi in the defendant's establishment. The testimony of the witness in respect to the action of the board of inquiry was not objected to on the ground that it was not the best evidence, and we are of the opinion that the court below did not err in refusing to strike out the testimony complained of.

Various assignments of error were made on behalf of the plaintiff, growing out of the refusal of the court to give certain requested instructions, which are here urged on his behalf, but it is a sufficient answer to them to say that the charge given by the court to the jury is not brought up, and we must therefore presume that the court, in its charge, covered the defendant's requests in so far as they correctly stated the law. Andrews v. U. S., 162 U. S. 420, 16 Sup. Ct. 798, 40 L. Ed. 1023.

The judgment is affirmed.