### HOGUE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1912. Rehearing Denied February 6, 1912.)

No. 2,281.

INDICTMENT AND INFORMATION (§ 79*)—SUFFICIENCY—CLERICAL MISTAKE.

An indictment charging perjury under oath before "a competent tribunal, to wit, before the said United States District *Clerk* for the Northern District of Texas," is not vitiated by the obvious clerical mistake in using the word "clerk," instead of "court."

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 209–214; Dec. Dig. § 79.*]

In Error to the District Court of the United States for the Northern District of Texas.

W. J. Hogue was convicted of perjury, and he brings error. Affirmed.

See, also, 184 Fed. 245, 106 C. C. A. 387.

J. C. Muse, for plaintiff in error.

Charles A. Boynton, for the United States.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The indictment against Hogue concludes thus:

"And the grand jurors aforesaid, upon their oaths aforesaid, say that the said W. J. Hogue did commit willful and corrupt perjury in the manner and form hereinbefore set out, to wit: By testifying as aforesaid that the portions of each of the aforesaid pages of the said instrument were cut out, as shown hereinbefore and as testified to by him, before he would sign same,

all of which was contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

We understood the counsel for the plaintiff in error to admit at the bar that the evidence shows conclusively that in respect to the foregoing matter the plaintiff in error did swear falsely; but he contended that that was not the real issue presented in the indictment, and was immaterial, and that the real perjury assigned in the indictment was that the plaintiff in error swore falsely as to his having an agreement with S. A. Buffington.

As to the actual perjury assigned against Hogue, we do not agree with counsel, and therefore we take a different view from his as to the admissibility of evidence on the trial, and as to the correctness of the rulings of the trial court on instructions to the jury.

In the assignments of error as to erroneous rulings on demurrer and special exceptions to the indictment, we find only one needing to be answered, and that is in relation to the evident clerical mistake in the indictment in the following passage, to wit:

"The said W. J. Hogue, whose Christian name is to the grand jurors unknown, appeared therein as a witness, and took an oath before a competent tribunal, to wit, before the said United States District Clerk for the Northern District of Texas"

—the word "clerk" being there manifestly by mistake in place of the word "court," as is apparent from the context, and we fail to find by such mistake that the plaintiff in error was in any wise misled or prejudiced.

On the whole case we find that under the evidence it was necessary to be submitted to a jury, and that there was no reversible error in any of the rulings of the trial court complained of in the assignments of error, and therefore the judgment of the District Court is necessarily affirmed.