## JOHN v. SPLAIN, U. S. Marshal.

(Court of Appeals of District of Columbia. Submitted December 6, 1920. Decided January 3, 1921.)

No. 3431.

1. Extradition ⊜—35—State's agent without authority to change sheriff's application for requisition.

Where the sheriff's application to the Governor for a requisition on the authorities of the District of Columbia for an alleged fugitive from justice referred to the prisoner as "he," instead of "she," the state's agent had no right to change the paper.

2. Extradition ⊜—35—That sheriff's application inadvertently used wrong gender in referring to prisoner held immaterial.

Under the maxim, "Lex non curat de minimis," the fact that a sheriff's application to the Governor for a requisition on the authorities of the District of Columbia for "Anna Grow, alias Anna Grove," stated that "he is now a fugitive from the justice" of such state, was immaterial; the context showing that the use of the word "he" was inadvertent.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus by Mary John against Maurice Splain, United States Marshal, in and for the District of Columbia. From an adverse judgment, petitioner appeals. Affirmed.

Robert I. Miller and James A. O'Shea, both of Washington, D. C., for appellant.

J. E. Laskey, of Washington, D. C., for appellee.

SMYTH, Chief Justice. Mary John sued out a writ of habeas corpus, alleging she was illegally restrained of her liberty by the United States marshal. In his return to the writ the marshal set forth that she was detained on a warrant issued by the Chief Justice of the Supreme Court of the District upon the requisition of

⊜—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Governor of Florida. True copies of all the requisition papers were included in the return. It appears that in the application of the Florida sheriff to the Governor for the requisition Mary John was refered to as "he." The agent of the state admitted that after he had reached Washington he changed the word "he" to "she," and because he did this it is argued that Mary John should be discharged.

[1, 2] Of course the agent had no right to change the paper, but the change was utterly immaterial. The application stated that "Anna Grow, alias Anna Grove," the name by which Mary John was known in Florida, was "charged with the crime of obtaining money by false pretense," etc., and that "he [she] is now a fugitive from the justice" of the state. The context shows that the use of "he" for "she" was an inadvertence. This is obvious. No one could be misled or prejudiced by it. Hogue v. United States, 192 Fed. 918, 114 C. C. A. 11; Funderburk v. State (Tex. Cr. App.) 61 S. W. 393; State v. Willis, 16 Mo. App. 553. There is no other criticism of the proceeding below.

We think this appeal is a proper one for the application of the maxim, "Lex non curat de minimis." The judgment is affirmed, with costs.

Affirmed.