### IPONMATSU UKICHI et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 5, 1922.)

No. 3819.

**1. Conspiracy ⬦43(2)—Indictment need not charge unlawful purchasers as conspirators.·**

That an indictment for conspiracy to receive, buy, and sell opium, knowing it to have been imported contrary to law, in violation of Act Feb. 9, 1909, § 2, as amended by Act Jan. 17, 1914, § 2 (Comp. St. § 8801), alleged as overt acts, sales of such opium to persons named did not make it necessary to charge such persons as conspirators.

**2. Poisons ⬦4—Dealing in opium unlawfully imported is an offense.**

The concealment or sale of opium of any kind, whether smoking opium or not, knowing it to have been imported contrary to law, constitutes an offense under Act Feb. 9, 1909, § 2, as amended by Act Jan. 17, 1914, § 2 (Comp. St. § 8801).

**3. Territories ⬦18—Statute prohibiting importation of opium applicable to Hawaii.**

Under Act April 30, 1900, § 5 (Comp. St. § 3648), providing that all laws of the United States not locally inapplicable shall be in force in the territory of Hawaii, Act Feb. 9, 1909, as amended by Act Jan. 17, 1914 (Comp. St. §§ 8800–8801f), applies to that territory.

**4. Indictment and information ⬦87(2)—Not invalidated by immaterial clerical error.·**

An indictment *held* not invalidated by a clerical error in the repetition of a date, where the mistake was obvious and not prejudicial to defendant.

In Error to the District Court of the United States for the District and Territory of Hawaii; Horace W. Vaughan, Judge.

Criminal prosecution by the United States against Iponmatsu Ukichi and others. Judgment of conviction, and defendants bring error. Affirmed.

E. A. Douthitt, of San Francisco, Cal., and Chas. S. Davis and A. M. Cristy, both of Honolulu, T. H., for plaintiffs in error.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., and S. C. Huber, U. S. Atty., of Honolulu, T. H.

Before MORROW and HUNT, Circuit Judges, and BEAN, District Judge.

HUNT, Circuit Judge. Plaintiffs in error and three others were indicted for conspiracy under section 37 of the Penal Code (Comp. St. § 10201), and after conviction and sentence brought writ of error.

The charge is that in 1920 in Hawaii defendants feloniously con-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

spired together, and with certain persons whose names were unknown to the grand jurors, to feloniously receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of certain opium, and the derivatives thereof after importation, knowing the same to have been imported contrary to law, in violation of the Act of February 9, 1909, as amended January 17, 1914 (Comp. St. §§ 8800–8801f). The conspiracy is alleged to have been continuously in existence and execution "from and after the said 27th day of February, A. D. 1921, in this indictment mentioned and referred to, and particularly at the time of the commission of each and all of the overt acts" set forth. Several overt acts are charged, such as negotiations by one or more of the defendants for the sale of opium with certain persons and for the delivery of certain opium.

[1] There being no bill of exceptions in the record, the questions for review are of limited character. It is contended that the indictment is wholly defective, because the names of *all of the co-conspirators must have been known to the grand jury, and therefore ought to have been given. Counsel have evidently been misled by a belief that, because in the overt acts charged a person is named as having received opium from one alleged to be a conspirator, such receiver is necessarily one of the conspirators, and that therefore his name should have been included in the charge itself. Such a position, however, is untenable, because, although the name of the purchaser may be well known, he may be perfectly innocent of any participation in the conspiracy charged. The gist of the offense is the conspiracy, which is not to be confused with the acts done to effect the object of the conspiracy. Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545.

[2] The argument that the indictment fails to allege or specify whether the opium was or was not smoking opium, or opium prepared for smoking purposes, cannot avail plaintiffs in error. Section 1 of the Act of February 9, 1909, as amended by the Act of January 17, 1914 (section 8800, Comp. St.), makes it unlawful to import into the United States opium in any form or any preparation or derivative thereof, provided opium and preparations and derivatives thereof other than smoking opium or opium prepared for smoking may be imported for medicinal purposes only under regulations prescribed by the Secretary of the Treasury. Section 2 (Comp. St. § 8801) provides that if any person knowingly imports or assists in importing any opium or any preparation or derivative thereof contrary to law, or shall receive, conceal, or in any manner facilitate the transportation, concealment, or sale of such opium, preparation or derivative thereof after importation, knowing the same to have been imported contrary to law, shall be punished. The allegations of the indictment set forth a general combination unlawfully and feloniously to receive, conceal, buy and sell, and facilitate the transportation, concealment, and sale of certain opium and the preparations and derivatives thereof after importation, defendants knowing the same to have been imported contrary to law in violation of the Act of February 9, 1909, as amended by the Act of January 17, 1914. We believe the indictment sufficiently stated a conspiracy to violate the statute cited.

[3] Plaintiffs in error urge that the above referred to act of Congress as amended, forbidding the importation of opium, is not applicable in the territory of Hawaii "as distinguished from the United States." But, as all laws of the United States which are not locally inapplicable shall have the same force and effect within Hawaii as elsewhere in the United States (31 Stat. 141 [Comp. St. § 3644 et seq.]), the statute is as vigorous there as in the mainland.

[4] It is contended that the indictment is wholly bad, because of a discrepancy in the years specified. The charge is that defendants, "to wit, on or about the 27th day of February, A. D. 1920, did" conspire, and that "said conspiracy" was continuously in existence and in process of execution "throughout all of the time from and after the said 27th day of February, 1921, in this indictment mentioned and referred to, and particularly at the time of the commission of each and all of the overt acts in this indictment hereinafter set forth." All of the overt acts are alleged to have been committed on or about dates in February and March, 1920. Under these circumstances, it is obvious that the allegation that the conspiracy was continuously in existence from and after February 27, 1921, was clearly a mistake, and must give place to the direct charge that the conspiracy was formed in 1920, and was continuous through the times of the commission of the overt acts described, all of which were done in 1920. No question of limitations is involved, and in no way does it appear that defendants were prejudiced by the discrepancy. Armour v. United States, 209 U. S. 84, 28 Sup. Ct. 428, 52 L. Ed. 681; section 269, Judicial Code, Act March 3, 1911, 36 Stat. 1163, amended by Act Feb. 26, 1919, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246); West v. United States, 258 Fed. 413, 169 C. C. A. 429; Hogue v. United States, 192 Fed. 918, 114 C. C. A. 11.

Our view being that the indictment should not be held invalid because of the clerical error, there is no merit in the contention that two conspiracies are charged—one on or about February 27, 1920, and another on or about February 27, 1921. One conspiracy being charged, that alleged to have been formed and executed in 1920, defendants have no substantial ground for complaint.

No objections and exceptions to the charge to the jury, or to the refusal to give certain requested instructions, are included in a bill of exceptions; hence no questions relating to them are before us. Saito v. United States, 141 Fed. 653, 72 C. C. A. 647; Morgan v. United States, 148 Fed. 189, 78 C. C. A. 323.

We find no prejudicial error, and affirm the judgment.