**STEWART v. DISTRICT COURT OF UNITED STATES FOR SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, et al.**

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926.)

No. 4985.

Indictment and Information ⚖⇒159(1)—Unauthorized amendment of indictment, does not destroy its validity as returned by grand jury.

The fact that the court, by an order which it had no power to make, directed the erasure of certain words in an indictment, and that a judgment based thereon was reversed on the ground that the indictment as charged was void, does not destroy the indictment as returned by the grand jury, which may be restored to its original form and defendant may be tried thereon.

Rudkin, Circuit Judge, dissenting.

Petition for Writ of Prohibition to the District Court of the United States for the Southern Division of the Southern District ·of California.

Petition by Alexander B. Stewart for writ of prohibition, directed to the District Court of the United States for the Southern District of California, Southern Division, and Hon. Paul J. McCormick, Judge of said court. Petition denied.

C. W. Pendleton, of Los Angeles, Cal., and Edward A. O'Dea, of San Francisco, Cal., for petitioner.

Samuel W. McNabb, U. S. Atty., and Donald Armstrong, Asst. U. S. Atty., both of Los Angeles, Cal., for respondents.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Petitioner, Stewart, applies for a writ of prohibition against the District Court of the United States for the Southern District of California, Southern Division, and one of the judges thereof. The application is the outgrowth of the decision of this court in Stewart v. United States, 12 F.(2d) 524. In that case Stewart and others were charged in the first and fourth counts of an indictment with conspiracies to commit certain offenses against the United States, in that they violated provisions of the Tariff Acts of 1922 (42 Stat. 858) and 1919 (40 Stat. 1057), and in the second count that they knowingly, willfully, and feloniously, and with intent to defraud the revenues of the United States, smuggled into the United States from Canada certain intoxicating liquors, and in the third count that they knowingly, willfully, and feloniously, and with intent to defraud the revenues of the United States, smuggled into the United States from Canada the same intoxicating liquors without having first obtained a permit from the Commissioner of Internal Revenue of the United States. Stewart pleaded not guilty, and the cause came on for trial. A jury was sworn. Defendants then moved to strike from the second and third counts the words "feloniously and" and certain other words in the third count. Counsel for all of the defendants signed the written motion, and, counsel for the government consenting, the motion was granted. Thereupon, at the suggestion of the court, counsel drew a line through the objectionable words, and counsel for the defendants and counsel for the government initialed the change. Stewart was convicted, and, upon writ of error, this court held that the changes thus made avoided the indictment as to counts 2 and 3, and the judgment based thereon was reversed.

After remand, the District Court granted the motion of the United States attorney for an order revoking and rescinding the order previously made, changing the indictment, and directing the clerk to erase and obliterate the lines which had been drawn through the words referred to. Defendant, Stewart, now applies to this court for the writ in question, contending that the court below had no jurisdiction to proceed further with the trial under the changed indictment.

Our ruling, that the order requiring defendant to answer the indictment as changed was in excess of the power of the District Court and that the court could not proceed to trial after such order and change, accorded with the view of the Supreme Court in Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849, where an indictment as changed was held not to be the indictment of the grand jury, and that there was nothing before the court upon which it could hear evidence or pronounce sentence. The question here, however, is whether loss of power to proceed under the indictment as changed deprived the court of power to set aside the unwarranted order of change, and then to proceed under the indictment as it was presented by the grand jury.

We do not think that, because the act ordering the change was a nullity, and the amended indictment and the trial and conviction and sentence were invalid, the indictment found by the grand jury was destroyed. The reversal of the judgment annulled the trial and the conviction, and left the case as if there never had been a trial; but the indictment stands as found and presented and

defendant may be tried thereunder. People v. Motello, 157 App. Div. 510, 142 N. Y. S. 622, illustrates the principle. There defendant was charged with murder, committed willfully, feloniously, and with malice aforethought. At the beginning of the trial, over objection of the defendant, the court granted a motion of the district attorney to amend the indictment by striking out the words "malice aforethought." Defendant was convicted of murder in the second degree and appealed. The court, citing Ex parte Bain, supra, and cases from the state courts, held that the amendment substantially changed the indictment found by the grand jury, and that, as changed, the indictment was no longer that of the grand jury, and therefore there was a violation of article 5 of the Constitution. The judgment was reversed, but the court ordered a new trial, saying that, if the trial court was powerless to change the indictment, "the vain attempt to change it should not be effective to destroy it," and that such doctrine would be illogical and mischievous. The court continued:

"The legal condition of the defendant is, I think, indicated by the Court of Appeals in People. v. Palmer, 109 N. Y. at page 419, 17 N. E. 213, 4 Am. St. Rep. 477. He has appealed and asked for reversal of the judgment of conviction. We have reversed that judgment for error in the trial without disturbance of the indictment. Such a reversal, to adopt the theory of the Court of Appeals, annuls and expunges the judgment and the record of the former trial as if they had never been. But the indictment remains as found and untried, and the defendant may now be brought to trial perforce of the power lodged in this court upon the hearing of such an appeal, and without impairment of his constitutional rights."

As more or less pertinent, see Myatt v. State, 31 Tex. Cr. R. 523, 21 S. W. 256; Commonwealth v. Foynes, 126 Mass. 267.

We hold that the defendant must stand trial under the indictment as presented by the grand jury.

The petition is denied.

RUDKIN, Circuit Judge. I dissent. The conclusion of the majority must be sustained, if sustainable at all, on one of two theories: First, that, in addition to the void indictment before this court on the former writ of error, there lurked some place in the records of the court below a valid indictment; or, second, that that court now has power to make a valid indictment out of a void one. Either conclusion is, in my

opinion, utterly·inconsistent with the language of the Supreme Court in Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849. Let us turn again to the opinion in that case. Mr. Justice Miller said:

"It only remains to consider whether this change in the indictment deprived the court of the power of proceeding to try the petitioner and sentence him to the imprisonment provided for in the statute. We have no difficulty in holding that the indictment on which he was tried was no indictment of a grand jury. The decisions which we have already referred to, as well as sound principle, require us to hold that after the indictment was changed it was no longer the indictment of the grand jury who presented it."

And again:

"It is of no avail, under such circumstances, to say that the court still has jurisdiction of the person and of the crime; for, though it has possession of the person, and would. have jurisdiction of the crime, if it were properly presented by indictment, the jurisdiction of the offense is gone, and the court has no right to proceed any further in the progress of the case for want of an indictment. If there is nothing before the court which the prisoner, in the language of the Constitution, can be 'held to answer,' he is then entitled to be discharged so far as the offense originally presented to the court by the indictment is concerned. The power of the court to proceed to try the prisoner is as much arrested as if the indictment had been dismissed or a nolle prosequi had been entered."

This language leads to one conclusion, and to one conclusion only; that is, that the changed indictment was the only indictment left in the case, and that the changed indictment was no indictment at all. If this is not true, how could it be said that jurisdiction of the offense was gone, that there was nothing before the court which the prisoner, in the language of the Constitution, could be .held to answer, and that the power of the court to proceed to try the prisoner was as much arrested as if the indictment had been dismissed or a nolle prosequi had been entered. ·The question itself is of no general importance, because the rule that a court cannot change an indictment returned by a grand jury, without legislative authority is as old as the grand jury system itself, and is so generally understood that questions of this kind seldom arise. All will readily concede that a material change cannot be made and an immaterial change can serve no pur-

pose, except to jeopardize or defeat an otherwise proper conviction. It was the plain duty of the prosecuting officer to resist any such change as was here made, and, if he failed in this, it was the plain duty of the court to protect its own records.

The writ should issue as prayed.