Edward **HEISLER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22292.

United States Court of Appeals Ninth Circuit.

April 26, 1968.

Rehearing Denied June 19, 1968.

Thomas O'Toole (argued), Tom Karas, Phoenix, Ariz., for appellant.

John P. Moran (argued), Asst. U. S. Atty., Edward Davis, U. S. Atty., Phoenix, Ariz., for appellee.

Before POPE, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Heisler appeals from his conviction under an indictment reading:

"On or about the 15th day of June, 1967, in the District of Arizona, EDWARD HEISLER, with intent to defraud, did pass and utter to Lawrence W. Woodruff a counterfeit obligation of the United States, that is, a $20.00 Federal Reserve Note, Serial No. L15506070*, and EDWARD HEISLER then knew the note was counterfeit."

He waived a jury and was tried by the court.

Every fact stated in the indictment was proved by direct testimony, save one. The note passed was a $10.00 note, not a $20.00 note. When this discrepancy appeared, Heisler's counsel objected and moved to strike all testimony relating to the $10.00 note. Government counsel asserted that the figure $20.00 was a clerical error, and moved to amend the indictment to read $10.00. Heisler's counsel objected to any amendment. The court overruled the objection to the offer of the counterfeit $10.00 note, but deferred action on the motion to amend. The trial was then completed, Heisler's objection being preserved throughout. Heisler's counsel renewed his motion to strike, and moved for judgment of ac-

**694**

quittal, asserting a fatal variance. To this the court replied:

> "THE COURT: I think, Mr. O'Toole, on the state of the evidence that there is no question the Government has proved its case. * * * However, I am concerned as to whether or not this is a fatal variance between the proof and the form in terms of the indictment. * * * "

The court asked for and heard further argument. The essence of its ruling is as follows:

> "I don't know that you have made a claim of prejudice, and I don't know that you claim prejudice under the facts as the record shows them to be; but I cannot see in any way that the defendant has been misled. I can't see in any way that this could result in double jeopardy so far as the defendant is concerned.
>
> So it's the Order of the Court that the Government's motion to correct the error in the indictment will be granted and the motion of the defendant will be denied.
>
> There leaving nothing further before the Court, it's the verdict of the Court that the defendant is guilty as charged in the indictment. * * * "

In this court Heisler asserts that the variance was fatal and that the order amending the indictment makes the indictment invalid.

■ 1. *Variance.*

Rule 52(a), F.R.Crim.P. reads:

> "(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

This rule replaces former section 556, title 18 U.S.C., which was derived from Rev.Stat. § 1025, which codified the Act of 1872, 17 Stat. 198. See Russell v. United States, 1962, 369 U.S. 749, 762, 82 S.Ct. 1038, 8 L.Ed.2d 240. Rule 52(a) adds to the list of harmless errors a "variance" that does not affect substantial rights. See United States v. Rabinowitz, 2 Cir., 1949, 176 F.2d 732, 734,

rev'd on other grounds, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. In Berger v. United States, 1935, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314, which preceded the adoption of the rule in 1946, the Court said that a variance is not fatal if (1) the defendant is definitely informed of the charge, so that he can prepare his defense, and (2) he is protected against double jeopardy. The variance is harmless if "upon an examination of the entire record, substantial prejudice does not appear * * *." (295 U.S. at 82, 55 S.Ct. at 631) See also Russell v. United States, supra, 369 U.S. at 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240.

■ We have no doubt that the variance here did not affect substantial rights of Heisler. The offense would be the same regardless of the denomination of the note. (18 U.S.C. § 472). Cf. United States v. Schwartz, 2 Cir., 1945, 150 F.2d 627, 628, cert. denied, 326 U.S. 757, 66 S.Ct. 97, 90 L.Ed. 454. The case began with a complaint that described the same note as a $10.00 note, carrying the same serial number. At the preliminary hearing, the testimony was that Heisler passed a $10.00 note. Heisler was represented there by counsel who tried the case. There could have been no surprise or prejudice. And the particulars given in the indictment are sufficient to protect against double jeopardy. See Baker v. United States, 9 Cir., 1968, 393 F.2d 604 (decided April 4, 1968); Shaw v. United States, 9 Cir., 1968, 392 F.2d 579 (decided March 29, 1968); Soper v. United States, 9 Cir., 1955, 220 F.2d 158, 161, 15 Alaska 475, cert. denied, 350 U.S. 828, 76 S.Ct. 58, 100 L.Ed. 739; Cortez v. United States, 5 Cir., 1964, 328 F.2d 51, 54, cert. denied, 379 U.S. 848, 85 S.Ct. 89, 13 L.Ed.2d 52; Rathbun v. United States, 10 Cir., 1956, 236 F.2d 514, aff'd, 1957, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134; United States v. Costello, 2 Cir., 1955, 221 F.2d 668, 675, aff'd, 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397; Wininger v. United States, 8 Cir., 1935, 77 F.2d 678, 680; Mathews v. United States, 8

Cir., 1926, 15 F.2d 139, 142–143. The variance was not fatal.

### 2. *Amending the indictment.*

■ This is a more troublesome question. Ever since the decision in Ex parte Bain, 1887, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849, it has been the rule that any substantial amendment to the body of an indictment renders the conviction void. The reason is that the defendant is not tried on the indictment of the grand jury, as is his constitutional right under the Fifth Amendment, but on a different charge, and there is no way of knowing whether the grand jury would have returned the amended indictment if given the opportunity. Therefore an indictment cannot be amended in any substantial way, even with the defendant's consent. See also Stirone v. United States, 1960, 361 U.S. 212, 215–217, 80 S.Ct. 270, 4 L.Ed.2d 252; Russell v. United States, supra, 369 U.S. at 770, 82 S.Ct. 1038. The draftsmen of the Federal Rules of Criminal Procedure greatly simplified the form of an indictment (Rule 7(c)). The indictment here conforms to the rule. Cf. Neville v. United States, 5 Cir., 1959, 272 F.2d 414, 415–416, cert. denied, 1960, 362 U.S. 924, 80 S.Ct. 678, 4 L.Ed.2d 743. They also provided for striking out surplusage on motion of the defendant (Rule 7(d)), but they made no provision for amendment because the ruling in *Bain* rests upon constitutional requirements. (Notes of Advisory Committee, 18 U.S.C. Rule 7(d)).

This court has been as strict as any in applying the *Bain* rule. Thus in Stewart v. United States, 9 Cir., 1926, 12 F.2d 524, the indictment read that the defendant did "knowingly, wilfully, unlawfully and feloniously and with intent to defraud * * * smuggle * * *."

With the consent of all parties, the court struck out the words "feloniously and" or "and feloniously" in two counts, as surplusage. This was done by actually drawing a line through the words, the change being initialled by all counsel. (See Stewart v. District Court, etc., 9 Cir., 1926, 16 F.2d 863, cert. denied, 273 U.S. 755, 47 S.Ct. 457, 71 L.Ed. 875.) On the authority of *Bain*, the judgment was reversed. In Carney v. United States, 9 Cir., 1947, 163 F.2d 784, 788–790, cert. denied, 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400, the defendant was charged in one count with counterfeiting "K–14h" gasoline ration coupons and in a second count with possession of counterfeit "A14h" coupons. There were no genuine "K–14h" coupons. By consent of counsel, the court ordered the first count amended, changing "K–14h" to "A–14h", the amendment being made on the face of the indictment. We reversed as to that count on the authority of *Bain*. We reached a similar result in Edgerton v. United States, 9 Cir., 1944, 143 F.2d 697. There we held that, while a court can treat certain words in an indictment as surplusage, it cannot strike them from an indictment, even though there be no physical notation of the amendment on the face of the paper. The trial court had instructed the jury to read the allegation as if the stricken words were not there. But see the later case of Soper v. United States, supra, one much closer on its facts to the present case. There are equally strict decisions in other circuits.[1]

It is not easy, if it is possible at all, to reconcile these cases with cases holding that an amendment is proper if it is merely one of "form" rather than "substance," [2] that the caption of the indictment can be amended,[3] that mere clerical error in the body of the indictment is not fatal and that the jury can be told to

---

1. See United States v. Consolidated Laundries Corp., 2 Cir., 1961, 291 F.2d 563, 571; Dodge v. United States, 2 Cir., 1919, 258 F. 300, 305, cert. denied, 250 U.S. 660, 40 S.Ct. 10, 63 L.Ed. 1194.

2. Williams v. United States, 5 Cir., 1950, 179 F.2d 656, 659–660, aff'd, 1951, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774.

3. Stillman v. United States, 9 Cir., 1949, 177 F.2d 607, 611 and cases cited.

disregard it,[4] that clerical error in the body of the indictment can be corrected,[5] that it is proper to withdraw from the jury's consideration a part of the charge in a single count, this being said not to be an amendment,[6] and that it is proper to strike surplusage, but not by amending the indictment.[7] Surely, in this enlightened age, it makes little sense to hold that a court may "strike" language from an indictment, and tell the jury to disregard it, but may not actually amend the face of the indictment to conform to its order. Yet that is what the cases say. In short, we think that the progeny of *Bain* are out of joint. We do not, however, think that the present case was born to set them right.

■■ This case, unlike most of the cases that we have cited, including those decided by this court, was not submitted to a jury; it was tried to the court. It was tried upon the indictment as returned by the grand jury. The indictment was never amended in the literal sense—no change was made upon its face. The court indicated, before it acted on the motion to amend, first that the government had proved its case, and second that the variance was not fatal, conclusions with which we fully agree. The order granting the motion to amend was simultaneous with the adjudication of guilt.[8] We have held that "the act [of the court] ordering the change was a nullity * * * but the indictment stands as found and presented * * *." Stewart v. District Court, supra, 16 F.2d at 863. There, the indictment had been amended on its face, and it was the amended indictment that went to the jury. We reversed in Stewart v. United States, supra. But in Stewart v. District Court, supra, we held that the court could rescind the amendment and retry the defendant on the original indictment. Here, the trial not having been to a jury, we see no need for such hocus pocus. In substance, Heisler was tried and found guilty on the indictment as presented by the grand jury. The order amending was a work of supererogation, and can be disregarded as harmless, since, as we held in Stewart v. District Court, supra, it was void, and, as we hold here, the face amount of the note was not an essential element of the offense. However, we suggest to the District Courts and to the bar that, for the present at least, the only safe course is never to amend the body of an indictment, either on its face or by order not carried out to the point of changing the face of the paper.

Affirmed.

4. Ukichi v. United States, 9 Cir., 1922, 281 F. 525, 527, cert. denied, 260 U.S. 729, 43 S.Ct. 92, 67 L.Ed. 485; United States v. Zambito, 4 Cir., 1963, 315 F.2d 266, 269, cert. denied, 373 U.S. 924, 83 S.Ct. 1524, 10 L.Ed.2d 423; Lucas v. United States, 1951, 88 U.S.App.D.C. 160, 188 F.2d 627, 628; Lund v. United States, 8 Cir., 1927, 19 F.2d 46; Goulson v. United States, 6 Cir., 1926, 16 F.2d 44; Adams v. United States, 5 Cir., 1917, 246 F. 830.

5. United States v. Denny, 7 Cir., 1947, 165 F.2d 668, cert. denied, 1948, 333 U.S. 844, 68 S.Ct. 662, 92 L.Ed. 1127.

6. Salinger v. United States, 1926, 272 U.S. 542, 548–549, 47 S.Ct. 173, 71 L.Ed. 398; Vincent v. United States, 8 Cir., 1964, 337 F.2d 891, 895, cert. denied, 1965, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281; Overstreet v. United States, 5 Cir., 1963, 321 F.2d 459, 461, cert. denied, 1964, 376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614.

7. Ford v. United States, 1927, 273 U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793; United States v. Krepper, 3 Cir., 1946, 159 F.2d 958, 969–971, cert. denied, 1947, 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275.

8. While the government's motion was "to permit the indictment to be amended," the court's order reads "the Government's motion to correct error in the indictment will be granted." The minutes read the same way. Were we to desire to indulge in the kind of judicial hair-splitting evidenced in some of the cases, we might conclude that the court did not "amend" the indictment. We do not so desire, however, and treat the order as one to amend. The Court itself referred to the motion as one "to correct a claimed typographical error in the indictment to change designation of $20.00 to $10.00."