**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard A. BUBLE, Appellant.**

**No. 26550.**

United States Court of Appeals,
Ninth Circuit.
April 8, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

F. Edward Little (argued), of Baird, Holley, Baird & Galen, Los Angeles, Cal., for appellant.

Michael Heuer, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Howard B. Frank, Asst. U. S. Atty., Dennis E. Kinnaird, Chief, Fraud & Special Prosecutions, Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

In this income tax fraud case there were two counts in the indictment. At issue were Buble's returns for the calendar years 1963 and 1964. Erroneously the indictment said the 1963 return was filed in April 1963 and the 1964 return was filed in April 1964.

Obviously, the literal figures made no sense. One must file his return after the end of the taxable year. The trial court amended the indictment to read that the 1963 return was filed in April 1964 and the 1964 return was filed in April 1965.

We hold that such an error, obvious to the defendant, could be corrected as it was * and that the double jeopardy argument has no merit.

Defendant really knew what years were involved. We did not find a different result required by Russell v. United States (1961), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; Stirone v. United States (1959), 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252; Ex parte Bain (1887), 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed.2d 849; United States v. Harvey (9th Cir. 1970), 428 F.2d 782; Gaither v. United States (1969), 134 U.S.App.D.C. 154, 413 F.2d 1061; Heisler v. United States (9th Cir. 1968), 394 F.2d 692.

Further we would hold that this particular indictment did not require the amendments, so amendments did not

prejudice the defendant. The variance in the proof from the original indictment still could have permitted the case to go to the jury.

---

* See, e. g., Stewart v. United States (8th Cir. 1968), 395 F.2d 484.