87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Samuel AUDIA, Defendant-Appellant.
 No. 95-10174.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1996.*
Decided June 14, 1996.
 
 Before: GOODWIN, PREGERSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After a jury trial, Defendant-Appellant Anthony Samuel Audia was convicted of a felony for violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). On appeal, Audia claims that: (1) the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional under the Commerce Clause; (2) he was entrapped as a matter of law; (3) the district court gave an erroneous jury instruction regarding Audia's defense of entrapment; (4) there was a fatal variance between the evidence presented to the grand jury and the evidence presented at trial as to the serial number of the firearm; and (5) the district court erred when it sentenced Audia based on a finding that he was an "armed career criminal" under 18 U.S.C. § 924(e). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 I.
 
 3
 Audia contends that 18 U.S.C. § 922(g)(1) is unconstitutional under United States v. Lopez, --- U.S. ----, 115 S.Ct. 1624 (1995). In Lopez, the Supreme Court invalidated 18 U.S.C. § 922(q), which prohibited guns within school zones. The Court found that § 922(g) was unconstitutional because Congress did not have the power under the Commerce Clause to regulate guns in local school zones. Lopez, 115 S.Ct. at 1631. Audia suggests that we should extend Lopez and hold § 922(g)(1) unconstitutional as exceeding congressional authority under the Commerce Clause.
 
 
 4
 In United States v. Hanna, 55 F.3d 1456 (9th Cir.1995), we decided this very issue. In Hanna, we declined to extend Lopez and upheld the constitutionality of § 922(g)(1). Id. at 1462. We explained that "[s]ection 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause." Id. at 1492 n. 2. Hanna is the law of this circuit and as a three-judge panel we are without authority to reconsider that ruling. United States v. Washington, 872 F.2d 874, 880 (9th Cir.1989).
 
 
 5
 The firearm at issue in this case was manufactured in New York and eventually travelled into Audia's possession in Nevada. There is no question that the weapon travelled in interstate commerce in accordance with the § 922(g)(1) requirement. Hanna, 55 F.3d at 1492 n. 2. Thus, we reject Audia's argument that his conviction under § 922(g)(1) was unconstitutional.
 
 II.
 
 6
 Audia argues that we must reverse the conviction and vacate his sentence because he was entrapped as a matter of law. However, Audia failed to raise this issue before the district court; therefore, we review this issue for plain error. See Fed.R.Crim.P. 52(b); United States v. Karterman, 60 F.3d 576, 579 (9th Cir.1995). Plain error is a "clear" or "obvious" error that affected the defendant's substantial rights. Karterman, 60 F.3d at 579; see also United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir.1994) ("A plain error is a highly prejudicial error affecting substantial rights.")
 
 
 7
 "To find entrapment as a matter of law, there must be undisputed evidence establishing both that defendant was induced to commit the crime and that he lacked the predisposition to do so." United States v. Lorenzo, 43 F.3d 1303, 1305 (9th Cir.1995). In United States v. Mkhsian, 5 F.3d 1306, 1309 (9th Cir.1993), we held that the defendants were not entrapped as a matter of law, because the defendants' "failure to point to undisputed evidence that they were induced [to purchase illegal narcotics made] it unnecessary to consider whether lack of predisposition was established as a matter of law." We explained that the undisputed evidence must make it "patently clear" that the government induced an innocent person to commit the crime. Id.
 
 
 8
 This case is similar to Mkhsian. Here, it is not "patently clear" that the government induced Audia to possess the firearm at the time of his arrest. Mkhsian, 5 F.3d at 1309. Audia confessed and Franz Berlinger, an independent informant, testified at trial that Audia initially gave Berlinger the gun as collateral for a debt. Upon receiving the gun from Audia, Berlinger voluntarily and independently contacted the law enforcement authorities regarding the illicit firearm. It is only after these two events transpired that the government became involved in the chain of events which ultimately resulted in Audia's arrest.
 
 
 9
 To prevail on this issue, Audia must show by undisputed evidence that he was induced to commit the crime. Lorenzo, 43 F.3d at 1305. Audia has not met this burden. Because we decide this question in the government's favor, we need not consider whether Audia was predisposed to repossess the illicit firearm in order to conclude that Audia was not entrapped as a matter of law. Mkhsian, 5 F.3d at 1309.
 
 III.
 
 10
 Audia next argues that the district court's jury instruction on the entrapment defense was erroneous. Since there was no objection to the jury instructions at the time of trial, we review only for plain error. United States v. Ponce, 51 F.3d 820, 830 (9th Cir.1995).
 
 
 11
 In Mkhsian, we held that an entrapment jury instruction must "tell the jury that the government was required to show that [the defendants] were predisposed to commit the illegal acts prior to the initial contact by government agents." Mkhsian, 5 F.3d at 1310. We relied on the Supreme Court's decision in Jacobson v. United States, 503 U.S. 540 (1992), which found plain error in an entrapment instruction that failed to clearly state the government's burden to prove predisposition before encountering law enforcement officers. Mkhsian, 5 F.3d at 1311. In rejecting the jury instruction in Mkhsian, we were persuaded by "[t]he government admit[ting] that the entrapment instruction given 'did not explicitly state that where the defendant presents evidence of inducement, the government must show evidence of predisposition before any contact with law enforcement.' " Id. at 1310 (emphasis in original).
 
 
 12
 Here, the district court instructed the jury, in relevant part, as follows:
 
 
 13
 If defendant before contact with law enforcement officers or their agents did not have any intent or disposition to commit the crime charged and was induced or persuaded by law enforcement officers or their agents to commit that crime, then he was entrapped.
 
 
 14
 On the other hand, if you find that defendant was already willing to commit the crime before encountering the law enforcement officer or their agents, it is not entrapment if government agents merely provided an opportunity to commit the crime.
 
 
 15
 Trial Transcript, Day 2, pp. 48-49; SER 89-90 (emphasis added.) This jury instruction, unlike the rejected jury instruction in Mkhsian, twice "explicitly state[s]" that the defendant must be predisposed prior to his initial contact with law enforcement agents. Mkhsian, 5 F.3d at 1310. In other words, the instruction in this case contains precisely the "before" language lacking in the rejected Mkhsian instruction. As such, we find that the entrapment jury instruction in this case was proper.
 
 IV.
 
 16
 We review de novo Audia's allegation that the district court constructively amended his indictment. United States v. Pisello, 877 F.2d 762, 764 (9th Cir.1989).
 
 
 17
 Fed.R.Crim.P. 52(a) states that a variance which does not substantially affect the rights of a defendant is harmless and should be disregarded. Heisler v. United States, 394 F.2d 692, 694 (1968) (holding permissible for court to correct denomination of counterfeit Federal Reserve Note where indictment alleged it was a $20.00 bill when in fact it was a $10.00 bill); United States v. Alvarez, 972 F.2d 1000, 1003 (9th Cir.1991). In Pisello, a tax evasion case, we held that there was no fatal variance where the indictment charged $30,000 income as proof of tax evasion by the defendant in 1985 even though the proof at trial dated the evasion as occurring in 1984. Pisello, 877 F.2d at 765-66.
 
 
 18
 Similarly, in the present case, the government contends that the typographical error--which resulted in a single digit discrepancy of the illicit gun's serial number--was a harmless clerical error which did not prejudice the defendant. In the indictment, the serial number was presented as "227345," but at trial it was presented as "227346." Audia was not surprised by this discrepancy, and he had the opportunity to inspect the firearm introduced into evidence at trial. Furthermore, the serial number was not an element of the crime and therefore not material. In consideration of these factors, we hold that the district court properly denied Audia's motion to dismiss the indictment because the variance between the serial number presented to the grand jury and the number presented at trial was harmless.
 
 V.
 
 19
 Finally, Audia contends that the district court erred in finding that Audia was an armed career criminal. We review the district court's interpretation of the Armed Career Criminal statute, 18 U.S.C. § 924(e), de novo. Mills v. Taylor, 967 F.2d 1397, 1399 (9th Cir.1992) (sentencing statute). However, we review the district court's factual findings in the sentencing phase for clear error. United States v. Robinson, 967 F.2d 287, 293 (prior convictions); United States v. Gavilan, 966 F.2d 530, 531 (9th Cir.1992) (possession of firearm).
 
 Section 924(e) states, in relevant part:
 
 20
 (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....
 
 
 21
 18 U.S.C. § 924(e). There is little ambiguity in this statutory language. If a person has been convicted three times for violent felonies or serious drug offenses, then § 924(e)'s sentencing enhancement applies to subsequent convictions for § 922(g) crimes. Id.
 
 
 22
 Here, Audia had five prior convictions applicable under § 924(e). Audia challenges two of those five prior convictions which the district court held applicable under § 924(e). We do not believe that the district court clearly erred in finding that the two challenged convictions applied under § 924(e). However, even assuming that the two challenged convictions were improperly considered under § 924(e), Audia does not contest the fact that he committed three other violent or drug-related felonies.
 
 
 23
 In short, § 924(e) only requires that the defendant has committed three prior violent felonies or serious drug offenses. 18 U.S.C. § 924(e). By his own admission, Audia committed at least three such felonies; thus, the district court properly found that § 924(e)'s sentencing enhancement applies to Audia.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3